# EXHIBIT A

MCDOWELL MOUNTAIN
JUSTICE COURT
FILED

2015 OCT -6  AM 9:56

**MCCARTHY** L A W  P L C
CANDID CONVERSATION.  WISE COUNSEL.

1

2   Kevin Fallon McCarthy, 011017
  Joon Kee, 028152

3   4250 North Drinkwater Blvd, Suite 320
  Scottsdale, AZ 85251

4   602-456-8900
  joon.kee@mccarthylawyer.com

5   Attorneys for Plaintiff

6              **McDOWELL MOUNTAIN JUSTICE COURT**
              **MARICOPA COUNTY, STATE OF ARIZONA**

7         18380 NORTH 40TH STREET, PHOENIX, ARIZONA 85032

8   JOHN A. HARMON,            Case No.: CC2015188376

9         Plaintiff,          **COMPLAINT FOR VIOLATION OF**
                      **FAIR CREDIT REPORTING ACT (15**

10   v.                    **U.S.C. § 1681 *et seq.*)**

11   BMO HARRIS BANK, N.A., AND
  EQUIFAX INC.,

12         Defendants.

13

14       COMES NOW Plaintiff, JOHN A. HARMON ("Plaintiff"), by and through counsel

15 undersigned, and for his cause of action against the Defendants above-named alleges as follows:

16       1.     That Plaintiff is and was at all times hereinafter mentioned a resident of Maricopa

17 County, Arizona.

18       2.     That, on information and belief, Defendant, BMO HARRIS BANK, N.A.

19 ("BMO"), is, and at all times relevant hereto was, a corporation registered with the Arizona

20 Corporation Commission as a Foreign Corporation authorized to do business in Arizona under the

21 parent company BMO HARRIS FINANCIAL ADVISORS, INC. and has designated the following

22 registered statutory agent: CT CORPORATION SYSTEM, 3800 NORTH CENTRAL AVE.

23 SUITE 460, PHOENIX, ARIZONA 85012.

24       3.     That, on information and belief, Defendant, BMO is, and at all times relevant hereto

25 was, regularly doing business in the State of Arizona.

26       4.     That, on information and belief, Defendant, EQUIFAX, INC. ("Equifax"), is a

27 credit reporting agency, as defined by FCRA § 1681a(f), licensed to do business in Arizona and

28 has designated the following registered statutory agent: PRENTICE-HALL CORP SYSTEM, 2338

McCARTHY LAW, PLC
4250 N. DRINKWATER BLVD
SUITE 320
SCOTTSDALE, ARIZONA 85251
602-456-8900

Harmon v. BMO et al.                 1                 COMPLAINT

1   WEST ROYAL PALM ROAD, STE-J, PHOENIX, AZ 85021.

2       5.    That, on information and belief, Defendant, Equifax, is, and at all times relevant

3   hereto was, regularly doing business in the State of Arizona.

4       6.    That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the

5   Fair Credit Reporting Act ("FCRA"), and that personal jurisdiction exists over Defendant as it had

6   the necessary minimum contacts with the State of Arizona and this suit arises out of its specific

7   conduct with Plaintiff in Arizona.  All the actions described in this suit occurred in the State of

8   Arizona.

9       7.    That the Plaintiff is a consumer and a victim of inaccurate reporting by Defendants.

10       8.    That BMO is a successor in interest to M&I Marshall & Ilsley Bank ("M&I").

11       9.    That M&I offered a settlement ("Offer") on Loan account ending in 9221

12   ("Account") and Plaintiff accepted Offer. *See* Exhibit A, Settlement Agreement.

13       10.    That Plaintiff fulfilled his obligations pursuant to the terms of the Offer, and M&I

14   and/or BMO accepted such payments.

15       11.    That BMO issued to Plaintiff a Receipt and Release indicating that the Account was

16   paid in full. *See* Exhibit B, Receipt and Release Letter.

17       12.    That BMO is willfully reporting derogatory and inaccurate information about

18   Plaintiff to one or more consumer reporting agencies ("CRAs"), by continuing to report a balance

19   on this Account, as defined by 15 U.S.C. § 1681a.

20       13.    The Defendant credit reporting agency, Equifax (referred to herein as "Defendant

21   CRA") is willfully reporting derogatory and inaccurate information about Plaintiff to a third-party.

22       14.    On or about June 9, 2015, Plaintiff sent a written dispute regarding the accuracy of

23   the derogatory information reported by BMO to the Defendant CRA and by the Defendant CRA to

24   third-parties (the "Dispute Letter"). *See* Exhibit C, Dispute Letter.

25       15.    As of the date of this filing, Defendant BMO has failed to respond to the Dispute

26   Letter and has failed to correct the inaccurate reporting of the Account to the Defendant CRA in

27   violation of FCRA § 1681s-2 and to the detriment of the consumer Plaintiff.

28       16.    As of the date of this filing, Defendant CRA has failed to respond to the Dispute

MCCARTHY LAW, PLC
4250 N. DRINKWATER BLVD
SUITE 320
SCOTTSDALE, ARIZONA 85251
602-456-8900

Harmon v. BMO et al.               2                          COMPLAINT

# EXHIBIT A

## SETTLEMENT AGREEMENT

## RECITALS

On or about October 11, 2007, M&I Bank ("M&I") and John A. Harmon and Darilyn J. Harmon ("Defendants") entered into a Home Equity Credit Agreement for the principal amount of $50,000.00 ("Contract 1"). The Defendants are currently in default under the payment terms of Contract 1. M&I filed suit against Defendants in Maricopa County Superior Court (Case No. CV2010-019202) on July 29, 2010.

On or about August 11, 2004, M&I and Defendants entered into a Mortgage Note for the principal amount of $72,000.00 ("Contract 2"). The Defendants are currently in default under the payment terms of Contract 2. M&I filed suit against Defendants in Maricopa County Superior Court (Case No. CV2011-001794) on January 20, 2011.

The parties now wish to resolve all their disputes, including those claims alleged in the above-identified civil actions. The terms of the parties' agreement are set forth below.

## AGREEMENT

1.     Defendants agree to pay M&I the amount of $15,658.56 to settle in full their outstanding obligations on Contract 1 and Contract 2. Defendants will make twelve (12) monthly payments of $200.00 starting April 1, 2011 and monthly payments of $400.00 per month starting April 1, 2012 and continuing on the same day of each consecutive month until the debt is paid in full (the "Payment Due Dates"). The final payment amount shall be adjusted as necessary to satisfy the remaining balance due under this Settlement Agreement.

2.     No additional interest, fees or costs will be imposed as long as Defendants are

1

not in breach of any terms of the Settlement Agreement.

3.      Defendants will make the above payments payable to M&I Marshall & Ilsley
Bank. The checks will be mailed to:

> Robert Spurlock
> Bonnett, Fairbourn, Friedman & Balint PC
> 2901 N. Central Ave. #1000
> Phoenix, AZ 85012

4.      M&I shall provide notice to Defendants, by mailing, telefax or electronic mail
at the offices of their attorney, if payment is not received within five (5) calendar days after
the Payment Due Date.  Defendants will have an additional five (5) calendar days after the
date of mailing said notice to cure the default.

5.      If payment has not been received by the eighth calendar day after the Payment
Due Date, interest shall accrue at the rate of 10% per annum on the full unpaid balance, until
payments are brought current.

6.      If, after receiving the notice described in Paragraph 4 above, Defendants fail
to make the payments to M&I as described above, they will be in breach of this Settlement
Agreement.  Upon a breach by Defendants, the entire amounts on both contracts will become
due and M&I may, in its sole discretion, and without further notice, pursue any remedies
available under the contracts or applicable law.

7.      M&I's election not to pursue any default remedies does not waive its rights to
pursue remedies upon future defaults.  M&I retains its rights to enforce its contractual and
legal remedies at any time thereafter.

8.      This Settlement Agreement is the product of mutual understanding, negotiation

2

and draftsmanship.

9.     This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Arizona.  If suit is brought to enforce its terms, venue shall be in the Superior Court of the State of Arizona, in and for the County of Maricopa.  The prevailing party shall be entitled to an award of attorneys' fees and costs.

DATED this _21__ day of _MARCH_____, 2011.

_____
John A. Harmon

_____
Darilyn J. Harmon

M&I Marshall & Ilsley Bank

By_____
Robert J. Spurlock
Attorney for M&I Marshall & Ilsley Bank

3

# EXHIBIT B



BONNETT FAIRBOURN
FRIEDMAN & BALINT PC

| WILLIAM G. FAIRBOURN | ANDREW S. FRIEDMAN | FRANCIS J. BALINT, JR. |
|---|---|---|
| VAN BUNCH | ROBERT J. SPURLOCK | C. KEVIN DYKSTRA |
| ELAINE A. RYAN | WENDY J. HARRISON | ANDREW Q. EVERROAD |
| KATHRYN A. HONECKER | PATRICIA N. SYVERSON | JONATHAN S. WALLACK |
| GUY A. HANSON | KIMBERLY C. PAGE | CHRISTINA L. BANNON |
| MANFRED P. MUECKE¹ | WILLIAM F. KING | TONNA K. FARRAR² |
| T. BRENT JORDAN³ | ANDREW M. EVANS | TY D. FRANKEL |
| LINDSEY M. GOMEZ-GRAY | KEVIN R. HANGER | ERIC D. ZARD |
| BARRETT N. LINDSEY | KENDALL K. WILSON | |

JERRY C. BONNETT, Of Counsel
MICHAEL N. WIDENER, Of Counsel

¹Admitted Only In California
²Admitted Only In California, Kansas,
Missouri and Oregon (located in Oregon)
³Admitted Only In Pennsylvania

August 12, 2014

John A. Harmon
Darilyn J. Harmon
11306 W. Chambers St.
Tolleson, AZ 85353

## **RECEIPT AND RELEASE**

BMO Harris Bank, N.A., as successor to M&I Marshall & Ilsley Bank, hereby releases

John A. Harmon and Darilyn J. Harmon from all obligations arising under loan number

██████████922-1.  BMO acknowledges that the amount of the settlement obligation has

been paid in full.

Very truly yours,

Robert J. Spurlock
Attorney for BMO Harris Bank

RJS/djk

2325 E. Camelback Road, #300   |   Phoenix, AZ 85016   |   TEL 602.274.1100   |   FAX 602.274.1199   |   www.bffb.com

# EXHIBIT C

John A. Harmon
11306 W. Chambers Street
Tolleson, AZ 85353

June 9, 2015

Equifax Information Services, LLC
PO Box 740256
Atlanta, GA 30374

      RE:    John A. Harmon;
             11306 W. Chambers Street, Tolleson, AZ 85353
             SS#▮▮▮▮▮▮▮
             DOB: ▮▮▮▮▮▮▮
             Report Date: 1/22/15
             Conf# 5522436659

To Whom It May Concern:

Attached is a page from my credit report reporting debt owed to BMO Harris Bank in the amount of $40,596.00. Account ▮▮▮▮▮▮▮▮▮922-1 (credit reporting #.354168xxxx. This account was settled with M&I Bank, now known as BMO Harris Bank. No monies are currently owed to BMO Harris Bank.

I am requesting that this account be immediately corrected on my credit report to reflect a zero balance.

Regards,
John A. Harmon

     

# Equifax 3-Bureau Credit Report and Scores as of January 22, 2015

## Name:  JOHN A HARMON

### Confirmation Number:  5522436659

| Section Title | Section Description |
|---|---|
| 1. Credit Score | Summary, Understanding Your Score, How Lenders See You |
| 2. Credit Report | Personal, Credit, Account, Inquiry, Public and Dispute Information |

CREDIT SCORE

| Section Title | Section Description |
|---|---|
| 1. Credit Score Summary | Summary of how your score rates |
| 2. Understanding Your Score | Summary of factors that are affecting your score |
| 3. Your Loan Risk Rating | The bottom line on how lenders may view your credit risk |

Credit Score Summary
## Where You Stand

**656**

Fair

**Experian**

**624**

Fair

**TransUnion**

**629**

Fair

The Equifax Credit Score™ ranges from 280-850. Higher scores are viewed more favorably.
Your 3 credit scores are calculated by Equifax using the information contained in your Equifax, Experian, and TransUnion credit reports.
**Equifax & Experian & TransUnion:** Your score is considered **fair**. You may have challenges qualifying for credit and you should expect to pay high interest rates when you do qualify.

| Range | 280 - 559 | **560 - 659** | 660 - 724 | 725 - 759 | 760 - 850 |
|---|---|---|---|---|---|

## BANK OF AMERICA, N.A.

| 07 | 07 | 07 | 06 | 06 | 06 | 06 | 06 | 06 | 06 | 06 | 06 | 06 | 06 | 05 | 05 | 05 | 05 | 05 | 05 | 05 | 05 |

### Experian

| NR | * | * | * | * | * | * | * | * | * | * | * | * | * | * | * | * | NR | NR | N R | NR | NR |

| Ap r | Ma r | Fe b | Ja n | De c | No v | Oc t | Se p | Au g | Ju l | Ju n | Ma y | Ap r | Ma r | Fe b | Ja n | De c | No v | Oc t | Se p | Au g | Jul n | Ju n | Ma y |

| 07 | 07 | 07 | 07 | 06 | 06 | 06 | 06 | 06 | 06 | 06 | 06 | 06 | 06 | 05 | 05 | 05 | 05 | 05 | 05 | 05 | 05 |

### Seven-Year Payment History

|  | Equifax | TransUnion | Experian |
|---|---|---|---|
| 30 Days Past Due: | 0 | 0 | 0 |
| 60 Days Past Due: | 0 | 0 | 0 |
| 90 Days Past Due: | 0 | 0 | 0 |

### BMO HARRIS BANK N.A.

|  | Equifax | TransUnion | Experian |
|---|---|---|---|
| Account Type: | Revolving | CreditLine | Revolving |
| Account Number: | 354168XXXX | 35XXXX | 354168XXXX |
| Payment Responsibility: | Joint Contractual Liability | Joint Contractual Liability | Joint Contractual Liability |
| Date Opened: | 10/2007 | 10/2007 | 10/2007 |
| Balance Date: | 12/2014 | 12/2014 | 12/2014 |
| Balance Amount: | $40,596 | $40,596 | $40,596 |
| Monthly Payment: | $182 |  |  |
| High/Limit: | $163,930 | $30,248 | $43,189 |
| Account Status: | Collection | Collection | Collection |
| Past Due Amount: | $33,888 | $33,888 | $33,888 |
| Comments: | LAST REPORTED DELINQUENCIES 11/2014=R5 10/2014=R5 09/2014= R5 CHARGED OFF ACCOUNT SECURED CREDIT LINE | ACCOUNT CHARGED TO PROFIT AND LOSS | LAST REPORTED DELINQUENCIE S, 01/2014=R9 CHARGE OFF LAST PAID |

1    Letter and has failed to correct the inaccurate reporting of the Account in violation of FCRA §

2    1681i and to the detriment of the consumer Plaintiff.

3        17.    Defendant CRAs willfully failed to maintain reasonable procedures to assure

4    maximum accuracy of the information contained in Plaintiff's credit report in violation of FCRA

5    § 1681e.

6        18.    The foregoing acts and omissions of the Defendants constitute unacceptable

7    violations of the FCRA.

8        19.    As a result of the foregoing, Plaintiff has suffered damages in an amount to be

9    shown at trial but not exceeding $10,000.00.

10       WHEREFORE, Plaintiff seeks a reasonable and fair judgment against Defendants for

11   willful noncompliance of the Fair Credit Reporting Act and seeks his statutory remedies as defined

12   by 15 U.S.C. § 1681n and demands:

13       1.   Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. §

14           1681n(1)(A), of not less than $100 and not more than $1,000 per violation;

15       2.   Punitive damages, pursuant 15 U.S.C. § 1681n(2), for Defendant's willful violation;

16       3.   The costs of instituting this action together with reasonable attorney's fees incurred

17           by Plaintiff pursuant to 15 U.S.C. § 1681n(3); and

18       4.   Any further legal and equitable relief as the court may deem just and proper in the

19           circumstances.

20   Respectfully submitted this 2nd day of October, 2015.

21

22                                      MCCARTHY LAW, PLC

23                                  By:

24                                      Joon Kee, Esq.
                                        Kevin Fallon McCarthy, Esq.
25                                      Attorneys for Plaintiff

26

27

28

McCARTHY LAW, PLC
4250 N. DRINKWATER BLVD
SUITE 320
SCOTTSDALE, ARIZONA 85251
602-456-8900

Harmon v. BMO et al.                          3                          COMPLAINT

**Lawgistic Partners AZ, LLC**
14626 N 78th Way, Unit A, Unit A
Scottsdale, AZ 85260
(480) 966-2228

### In the McDowell Mountain Justice Court of the State of Arizona, In and For the County of Maricopa

JOHN A. HARMON,
          Plaintiff(s),

vs.

BMO HARRIS BANK, N.A., AND EQUIFAX INC.,
          Defendant(s),

Case No. CC2015188376
**CERTIFICATE OF SERVICE**

2015 OCT 13 PM 12: 23
McDOWELL MOUNTAIN
JUSTICE COURT
FILED

STATE OF ARIZONA         )
COUNTY OF MARICOPA   ) ss.

I, Clayton Gable #7153, the undersigned, certify under penalty of perjury, that I am fully qualified, pursuant to Rule 4(d), Arizona Rules of Civil Procedure, to serve process in this cause.

On 10/08/2015, I received from McCarthy Law PLC, the SUMMONS, NOTICE TO DEFENDANT, COMPLAINT FOR VIOLATION OF FAIR CREDIT REPORTING ACT/EXHIBIT A-C AND INITIAL DISCOVERY SET TO EQUIFAX INC..

On 10/09/2015 at 9:22 AM, I served the aforementioned documents on EQUIFAX, INC. at S/A: PRENTICE-HALL CORP SYSTEM 2338 WEST ROYAL PALM ROAD, SUITE J, PHOENIX, AZ 85021 in the manner set forth below:

Comments: By serving Equifax, Inc., by leaving true copies of the documents with Melody Yoon, front desk clerk, who is authorized to accept service and did accept service on behalf of Prentice-Hall Corp System, Statutory Agent.

Description: Sex: **Female** Skin: **Light** Hair: **Black** Age: **30** Height: **Seated**

Military Status: 'N/A'

Under penalty of perjury I declare that I have read the foregoing Certificate of Service and that the facts stated in it are true.

| | | |
|---|---|---|
| Service of Process - Standard | $55.00 | X |
| **TOTAL:** | **$55.00** | **Clayton Gable #7153**, Affiant |

Certified in the County of Maricopa
Job Number: 368304
Client File: EQUIFAX
Printed on 10/09/2015




*368304*

1   Jacob C. Jones (#029971)
2   SNELL & WILMER L.L.P.
    One Arizona Center
3   400 E. Van Buren, Suite 1900
    Phoenix, Arizona 85004-2202
    Telephone: 602.382.6562
4   Facsimile: 602.382.6070
    E-Mail: jcjones@swlaw.com
5   Attorneys for Defendant Equifax Inc.

McDOWELL MOUNTAIN
JUSTICE COURT
FILED

2015 OCT 29 PM 4: 16

6

7                  McDOWELL MOUNTAIN JUSTICE COURT

8                  MARICOPA COUNTY, STATE OF ARIZONA

9   JOHN A. HARMON,

10                         Plaintiff,                   No. CC2015188376

11  v.                                                  **DEFENDANT EQUIFAX INC.'S**
                                                        **ANSWER AND DEFENSES TO**
12  BMO HARRIS BANK, N.A. and                           **PLAINTIFF'S COMPLAINT**
    EQUIFAX INC.,
13
                           Defendants.
14

15          Defendant, Equifax Inc., by Counsel, files its Answer and Defenses to Plaintiff's

16  Complaint ("Complaint") as follows:

17                         **PRELIMINARY STATEMENT**

18          In answering the Complaint, Equifax Inc. states that it is responding to allegations

19  on behalf of itself only, even where the allegations pertain to alleged conduct by all

20  Defendants.    Equifax Inc. denies any and all allegations in the headings and/or

21  unnumbered paragraphs in the Complaint.

22                                **ANSWER**

23          In response to the specific allegations in the enumerated paragraphs in the

24  Complaint, Equifax Inc. responds as follows:

25          1.     Equifax Inc. is without knowledge or information sufficient to form a belief

26  as to the truth of the allegations in Paragraph 1 and, therefore, denies those allegations.

27          2.     Equifax Inc. is without knowledge or information sufficient to form a belief

28  as to the truth of the allegations in Paragraph 2 and, therefore, denies those allegations.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

22799698.1

3.      Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and, therefore, denies those allegations.

4.      Equifax Inc. denies the allegations in Paragraph 4.

5.      Equifax Inc. denies the allegations in Paragraph 5.

6.      To the extent that Plaintiff can maintain this action, which Equifax Inc. denies, Equifax Inc. admits the court has jurisdiction of the case. Equifax Inc. denies the remaining allegations in Paragraph 6 as they relate to Equifax Inc. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 and, therefore, denies those allegations.

7.      Equifax Inc. denies the allegations in Paragraph 7 as they relate to Equifax Inc. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 and, therefore, denies those allegations.

8.      Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, therefore, denies those allegations.

9.      Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and, therefore, denies those allegations.

10.     Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and, therefore, denies those allegations.

11.     Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and, therefore, denies those allegations.

12.     Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and, therefore, denies those allegations.

13.     Equifax Inc. denies the allegations in Paragraph 13.

14.     Equifax Inc. denies the allegations in Paragraph 14.

15.     Equifax Inc. denies the allegations in Paragraph 15 as they relate to Equifax Inc. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 and, therefore, denies those allegations.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

- 2 -

1     16.     Equifax Inc. denies the allegations in Paragraph 16 as they relate to Equifax

2  Inc.

3     17.     Equifax Inc. denies the allegations in Paragraph 17.

4     18.     Equifax Inc. denies the allegations in Paragraph 18.

5     19.     Equifax Inc. denies the allegations in Paragraph 19 as they relate to Equifax

6  Inc.  Equifax Inc. is without knowledge or information sufficient to form a belief as to the

7  truth of the remaining allegations in Paragraph 19 and, therefore, denies those allegations.

8     20.     Equifax Inc. denies that the Plaintiff is entitled to any relief claimed in the

9  Complaint.

10     21.     Any allegation in Plaintiff's Complaint not heretofore specifically

11  responded to by Equifax Inc. is hereby denied.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax Inc. pleads the following defenses to the Complaint:

### First Defense

Plaintiff's Complaint fails to state a claim against Equifax Inc. upon which relief can be granted.

### Second Defense

Plaintiff's damages, if any, were not caused by Equifax Inc., but by another person or entity for whom or for which Equifax Inc. is not responsible.

### Third Defense

Equifax Information Services LLC, not Equifax Inc., is the consumer reporting agency for Plaintiff's credit file.

### Fourth Defense

Equifax Inc. is not a proper party to this action.

### Fifth Defense

At all relevant times herein, the Plaintiff's alleged damages, which Equifax Inc. denies exist, were aggravated by the failure of the Plaintiff to use reasonable diligence to

- 3 -

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

mitigate the same.  Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of his failure to mitigate alleged losses.

### Sixth Defense

Plaintiff cannot meet the requirements of 15 U.S.C. § 1681n in order to recover punitive or statutory damages.

### Seventh Defense

Equifax Inc. adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases:  *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003), and *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007).

### Eighth Defense

Plaintiff's claims in whole or in part may be barred by the statute of limitations.

Equifax Inc. reserves the right to assert additional defenses that it learns through the course of discovery.

**WHEREFORE**, having fully answered or otherwise responded to the allegations contained in Plaintiff's Complaint, Equifax Inc. prays that:

(1)     Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2)     That Equifax Inc. be dismissed as a party to this action;

(3)     That this lawsuit be deemed frivolous and Equifax Inc. recover from plaintiff its expenses of litigation, including but not limited to attorneys' fees pursuant to 15 U.S.C. § 1681n(c) and 15 U.S.C. § 1681o(b); and

(4)     That Equifax Inc. recover such other and additional relief, as the Court deems just and appropriate.

- 4 -

22799698.1

DATED this 29th day of October, 2015.

SNELL & WILMER L.L.P.

By: _____
Jacob C. Jones
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
Attorneys for Plaintiff Equifax Inc.

### CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of October, 2015, I caused to be filed the foregoing document with the McDowell Mountain Justice Court and a copy of the foregoing has been served via U.S. Mail postage prepaid upon the following counsel of record:

Kevin Fallon McCarthy
Ashley Tuchman
McCarthy Law PLC
4250 North Drinkwater Blvd., Suite 320
Scottsdale, AZ 85251

- 5 -

22799698.1



# Maricopa County Justice Courts, Arizona

McDowell Mountain Justice Court  18380 North 40th Street Ste 130, Phoenix AZ  85032  602-372-7000

CASE NUMBER: CC2015188376  RC

JOHN A HARMON

EQUIFAX INC.
2338 W ROYAL PALM RD STE  J
PHOENIX, AZ 85021

Plaintiff(s)  Name / Address / Phone

Defendant(s)  Name / Address / Phone

KEVIN F MCCARTHY
4250 N DRINKWATER BLVD, STE 320
SCOTTSDALE, AZ 85251

JACOB C JONES
SNELL & WILMER, ONE AZ CENTER 400 E VAN BUREN
PHOENIX, AZ 85004-2202

Attorney for Plaintiff(s)  Name / Address / Phone

Attorney for Defendant(s)  Name / Address / Phone

| NOTICE OF MEDIATION CONFERENCE | JCRCP Rule 130 |
| --- | --- |

**The mediation hearing is for the purpose of assisting parties in settling their dispute outside the courtroom. Mediators will be present to assist in the settlement discussion. Any agreement entered into will be by consent of all parties.**

A Mediation Conference has been set for:

Date: 12/29/2015   Time:   01:30   PM

Be in court at least 15 minutes before the scheduled hearing.
YOU MUST CHECK IN AT THE FRONT COUNTER BEFORE ENTERING THE COURT ROOM.
*(Esté en el tribunal por lo menos 15 minutos antes de la audiencia programada.)*
REQUESTS FOR REASONABLE ACCOMMODATIONS FOR PERSONS WITH DISABILITIES SHOULD BE MADE TO THE COURT AS SOON AS POSSIBLE.
*(LAS SOLICITUDES PARA ARREGLOS O ADAPTACIONES RAZONABLES SE DEBEN PRESENTAR ANTE ELTRIBUNAL LO MAS ANTES POSIBLE.)*
If an interpreter is needed, please contact the court listed above to request an interpreter be provided.
*(En caso de necesitarse un intérprete, favor de comunicarse con el Tribunal antes mencionado para solicitar que se brinden los servicios de un intérprete.)*

**NOTICE:**

1. If any party fails to appear at the time scheduled for this conference or failure to participate in good faith, a dismissal or a judgment may result, pursuant to Rule 131(a) & 127(d) Justice Court Rules of Civil Procedure (JCRCP).

2. Every party must participate in the mediation conference in good faith. A party may appear and participate in person, or a party may participate by telephone with the prior approval of the court by filing a Motion *(Note: court can only grant 1 party in each case to appear by telephone, however Court holds this privilege for attorneys)*

3. If a settlement is reached, the mediator will put the terms of the settlement in writing, and will have the parties sign the agreement as an enforceable contract.

4. If a settlement was not reached because a party failed to participate in good faith, the mediator will inform the court of the manner in which the party failed to show good faith; and the court may order an appropriate penalty provided under Rule 131(a) & 127(d) against that party including a monetary penalty.

I CERTIFY that I delivered / mailed a copy of this document to:
☐ Plaintiff at the above address   ☒ Plaintiff's attorney   ☐ Defendant at the above address   ☒ Defendant's attorney

Date: 11/2/2015          By RA

Clerk



# Maricopa County Justice Courts
INFORMATION ON MEDIATION

The court, acting on its own motion, and in accordance with Rule130, Justice Court Rules of Civil Procedure, and ARS 22-201 (G); It appearing to the court that this case may likely be able to be resolved through mediation. Mediation is designed as a process in which the parties have the opportunity to talk about the problem that has brought them to court and to find their own solution. The mediation process is, by design, meant to be informal.

Court-appointed mediators will conduct a mediation conference

**(Read very carefully):**

1 . CONFIDENTIALITY:
Mediation proceedings shall be held in private. All communications, verbal or written, made in the proceedings shall be confidential and shall not be disclosed unless the parties file a written notice consent and signed by each party and their respective counsel, if any. Since the mediation process often involves compromise and offers of compromise, Rule 408, Rules
of Evidence, shall apply to the mediation proceeding.

2. MEDIATION CONFERENCE:
The mediators will conduct conference. Counsel for any party may be present. Counsel for the parties shall be provided an opportunity to confer with the mediators prior to the mediation conference, and may be excluded thereafter where, in the discretion of the mediators, exclusion of counsel is deemed by the mediators to be appropriate or necessary. The mediators shall be entitled to interview any persons having any relation to the controversy when appropriate.

3. MEDIATION REPORT:
If the mediation is successful in resolving any or all issues, such agreement shall be reduced to writing, signed by each party and counsel, if any, submitted to the court for approval. Upon the court entering a written order, the mediation agreement shall
be considered binding. In the event that no agreement is reached or the agreement is not signed by both parties and counsel, if any, then such agreement is not binding and the mediation shall be considered unsuccessful. The mediators shall notify the court when the mediation has been concluded.

4. SEALING OF MEDIATION AGREEMENT:
Either or both parties may request, by motion, that the agreement be sealed and maintained as confidential between the parties. Upon either party request, the court shall seal the agreement in the court file, to be unsealed only upon subsequent order of the court. The sealing of the agreement shall not be interpreted to mean that the entire court file shall also be sealed, unless it has been specifically requested by one or more of the parties and ordered by the court.

5. FAILURE TO APPEAR:
The parties are cautioned that failure to appear at Mediation may result in sanctions for waste of the Court's resources If one or both parties fail to appear at the Mediation Conference. The Mediator shall promptly report the identity of that party having failed to appear and the Court shall then take action. Failure to appear by the Plaintiff(s) may result in a dismissal of the plaintiff's complaint. Failure to appear by the Defendant(s) may result in the issuance of a Default Judgment. To properly cancel the scheduled Mediation Conference, that has been resolved by the parties. The plaintiff shall inform the court, in writing, at least 24 hours prior to the scheduled court date to vacate the Mediation Conference. If the motion is made within less than prescribed 24 hours, the plaintiff must appear in person at the scheduled Mediation Conference in order to cancel the matter and avoid the possibility of being sanctioned.

6. APPEARANCE OF PARTIES:
The court will enforce the requirements of Rule 31(a)(3), Rules of the Supreme Court, relative to the unauthorized practice of law. Power of Attorney does not give a person the right to represent another in a court of law. Any party who is in non-compliance with this rule may be deemed as having failed to appear. An individual may appear and represent himself. A corporation may be represented by a full-time officer of the corporation whose principal duty is not representing the corporation in court. See Rule 31(a)(4)(c), Rules of the Supreme Court. Generally, marital communities, partnerships, limited liability companies, and other entities, must be represented by an attorney.

7. SELF REPRESENTED LITIGANTS:
Litigants who undertake to represent themselves without an attorney are entitled to no more consideration than if the party had been represented by an attorney. Litigants who represent themselves are held to the same standard regarding statutes and rules See Smith vs. Robb, 95 Ariz. 49, 386 P.2d 649 (Ariz 1963).

8. REQUIRED APPEARANCE BY REAL-PARTY-IN-INTEREST:
There shall be at least one real-party-in-interest who has full settlement authority to enter into a binding settlement agreement other than the party's attorney. The failure of such a person to appear and participate may be deemed a failure to appear. See rule 131(b) JCRCP. In the alternative, an attorney or other representative is supposed to request the approval of the court in writing, in advance of the mediation date, if they would like to appear alone on behalf of a real-party- in-interest. Their request would indicate that they have the full authority to resolve the issue(s) for the real-party-in-interest."

9. TELEPHONIC APPEARANCE BY PARTIES:
Mediation best works with the parties being present, telephonic appearances by parties will not be permitted except where the party resides outside of Maricopa County. Requests for telephonic appearance of a party shall be made by motion filed not later than thirty (30) days prior to the mediation date set. If the court grants the motion for telephonic appearance, the person shall be responsible for telephoning the court at the time set for the mediation and shall incur any and all telephone expenses.

10. MEDIATION CONFERENCE DATE:
The court will set the mediation conference after the answer having been filed. It is the intent of this requirement to foster a settlement prior to the expenses of litigation becoming a deterring factor.

11. CONTINUANCES:
Because of the heavy caseload volume in this court, requests for continuances are extremely disruptive and time consuming and are, therefore, discouraged. Any party having a prior calendar conflict shall motion within five (5) calendar days of coming into knowledge of the conflict, and not later than thirty (30) days before the date set for mediation shall provide specific detail, and supporting documentation, of the reason necessitating the continuance,

12. DISCLOSURE STATEMENTS:
Each party shall be requested to comply with Rule regarding the prompt disclosure of information. The parties shall serve upon each other their initial disclosure statement not later than forty (40) days after the answer having been filed, or when ordered by the Court. Any party failing to timely disclose information required by Rule shall be subject to sanctions as provided at JCRCP.

13. MOTIONS:
Any motion or stipulation shall be filed not later than 30 days prior to the mediation date except a stipulation for entry of judgment or dismissal, notice of settlement, or an emergency matter. Any untimely motion will be considered by the court only after the mediation and pretrial conference. The requirements for civil motion practice set forth at Rule 128 Rules JCRCP, shall apply. The Justice Court does not accept motions filed via facsimile. See Rule 120 , JCRCP

14. NOTICE OF SETTLEMENT:
It shall be the duty of all parties to give the court prompt notice of the settlement. Delay in giving notice, the court may impose sanctions against counsel or parties to insure future compliance the rule. Any notice of settlement received by the court less than two (2) judicial days prior to the time set for the mediation conference shall be deemed untimely.

15. DISCOVERY MOTIONS:
No motion for order compelling disclosure or discovery will be considered or scheduled unless the moving party shall have first complied with Rule 121, JCRCP

16. GOOD FAITH REQUIRED:
The parties shall participate in good faith in the mediation process.

17. SANCTIONS:
The court may impose any of the sanctions which apply to a settlement conference as set for at, inter alia, Rule 131 JCRCP

18. PENALTIES:
The penalties that a court may impose include ordering that certain witnesses or exhibits may not be used at trial; that a particular fact is deemed established; that a pleading or a claim or defense in a pleading be stricken; or that the party be assessed the reasonable attorneys' fees, costs, and expenses of a party who was harmed by inaccurate, untimely, or lack of disclosure or discovery. The court may also impose any other reasonable civil penalty, including a monetary penalty, which is appropriate under the circumstances. JCRCP 131a & 127d

1    Jacob C. Jones (#029971)
     SNELL & WILMER L.L.P.
2    One Arizona Center
     400 E. Van Buren, Suite 1900
3    Phoenix, Arizona  85004-2202
     Telephone:  602.382.6562
4    Facsimile:  602.382.6070
     E-Mail: jcjones@swlaw.com
5    Attorneys for Defendant Equifax Inc.

6

7               McDOWELL MOUNTAIN JUSTICE COURT

8              MARICOPA COUNTY, STATE OF ARIZONA

9    JOHN A. HARMON,            No. CC2015-188376

10          Plaintiff,

                    **DEFENDANT EQUIFAX INC.'S**
11   v.                    **MOTION FOR ITS PARTY**
                    **REPRESENTATIVE TO APPEAR**
12   BMO HARRIS BANK, N.A. and    **TELEPHONICALLY AT**
     EQUIFAX INC.,              **MEDIATION CONFERENCE**
13

            Defendants.      (Assigned to the Honorable
14                         Michael Reagan)

15        Defendant Equifax Inc. ("Equifax"), respectfully requests leave for its party

16  representative to appear telephonically at the Mediation Conference set for 1:30 PM on

17  December 29, 2015.

18     **FACTS.**

19        1.    The Court set a Mediation Conference in this case for December 29, 2015,

20  at 1:30 PM, between the widely-observed holidays of Christmas and New Years' Day.

21        2.    Equifax is a Georgia corporation with its headquarters in Atlanta, Georgia.

22        3.    Equifax's party representative who would appear for this Mediation

23  Conference resides in Atlanta, Georgia.

24        4.    This Court has a jurisdictional limit of $10,000.

25        5.    Airfare and lodging alone would cost approximately $1,000, should

26  Equifax's party representative be required to appear personally for this Mediation

27  Conference.  Given the time of year, there is a reasonable likelihood for weather-related

28  flight delays and cancellations.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

RECEIVED
JUSTICE COURTS
15 NOV 30  PM 9: 07
OUTSIDE DEPOSITORY FILE

23003410.1

1  **LAW**.

2      Rule 156(c), Justice Court Rules of Civil Procedure, provides that "a party may

3  participate by telephone with prior approval of the court."

4  **REQUEST**.

5      In view of the foregoing, Equifax respectfully requests leave for its party

6  representative to appear telephonically at the Mediation Conference.

7      In view of the Court's ability to receive only one incoming line for telephonic

8  appearances, Equifax's undersigned counsel is willing to make a conference line available

9  if any other party seeks and is granted permission to appear telephonically, and would call

10  into the Court from that single conference line.

11  **ALTERNATIVE REQUEST**.

12      If the Court is unable to grant this request, Equifax alternatively requests that its

13  party representative be excused from attending the Mediation Conference, and that only

14  Equifax's counsel be required to attend, with full settlement authority.

15      A proposed form of order is attached.

16  

17      DATED this 30ᵗʰ day of November, 2015.

18  

19              SNELL & WILMER L.L.P.

20  

21              By:

22              Jacob C. Jones
               One Arizona Center
               400 E. Van Buren, Suite 1900

23              Phoenix, Arizona  85004-2202
               Attorneys for Plaintiff Equifax Inc.

24  

25  

26  

27  

28  

23003410.1

*Left margin: Snell & Wilmer L.L.P. — LAW OFFICES — One Arizona Center, 400 E. Van Buren, Suite 1900 — Phoenix, Arizona 85004-2202 — 602.382.6000*

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of November, 2015, I caused to be filed the foregoing document with the McDowell Mountain Justice Court and a copy of the foregoing has been served via U.S. Mail postage prepaid upon the following counsel of record:

Kevin Fallon McCarthy
Ashley Tuchman
McCarthy Law PLC
4250 North Drinkwater Blvd., Suite 320
Scottsdale, AZ 85251

- 3 -

23003410.1

1
2
3
4
5
6
7
8              McDOWELL MOUNTAIN JUSTICE COURT
9              MARICOPA COUNTY, STATE OF ARIZONA
10  JOHN A. HARMON,
                                    No. CC2015-188376
11              Plaintiff,
                                    **[PROPOSED] ORDER**
12  v.
13  BMO HARRIS BANK, N.A. and
    EQUIFAX INC.,
14
                Defendants.
15

16          After full consideration of Defendant Equifax Inc.'s party representative's Motion

17  for Telephonic Appearance, and good cause appearing, the Court rules as follows:

18          1.      Defendant's Motion is **GRANTED.**

19          2.      **IT IS HEREBY ORDERED** that Defendant Equifax's party representative

20  may appear telephonically at the Mediation Conference currently set for December 29,

21  2015 at 1:30 PM.

22          SIGNED this ____ day of _____, 2015

23

24

25                                          _____
                                            The Honorable Michael Reagan
26

27

28

                                    - 4 -

23003410.1



# Maricopa County Justice Courts, Arizona

**McDowell Mountain Justice Court   18380 N. 40th St., #130, Phoenix, AZ 85032   602-372-7000**

CASE NUMBER: cc2015-188376 RC

JOHN A HARMON

BMO HARRIS BANK, N.A./EQUIFAX INC.

( ) - Plaintiff(s) Name / Address / Phone

( ) - Defendant(s) Name / Address / Phone

Kevin F McCarthy
4250 N DRINKWATER BLVD, STE 320
Scottsdale, AZ., 85251
( ) Attorney for Plaintiff(s)  Name / Address / Phone

Jacob C Jones- SNELL & WILMER,
ONE AZ CENTER 400 E VAN BUREN
Phoenix, AZ., 85004-2202
( ) Attorney for Defendant(s)  Name / Address / Phone

## CORRECTIVE ACTION REQUIRED (CIVIL FILING)

For any of the boxes checked below you will be required to submit an amended filing.
Please return this form with the requested corrections.

### PROBLEM WITH SERVICE OF PROCESS:

☐ Proof of service has not been filed. You must file the original affidavit of service with the court.

☐ You proceeded improperly. You are required to file a motion and affidavit as to why an alternative means of service is necessary prior to service (Justice Courts Rules of Civil Procedure Rule 113 ). Court will rule upon filing.

☐ You must file an affidavit of service showing the manner and date of publication and stating why publication was necessary. A printed copy of the publication must be attached to affidavit per (JCRCP Rule 113).

☐ You did not serve by publication properly.  You must inform the party where a copy can be obtained. You must reserve according to JCRCP Rule 113.

☐ You have not served this party:_____. Each named defendant must be served a copy of the complaint and summons.

### DOCUMENTS NOT LISTED ON PROOF OF SERVICE:

☐ The proof of service filed does not state service of: ☐ Summons ☐ Complaint ☐ Notice to Defendant ☐ _____
You must serve the other party again.

### PROBLEM WITH THE APPLICATION FOR ENTRY OF DEFAULT:

☐ The defendant has responded. Default will not be entered. The court will give notice to all parties of the next hearing.

☐ You must file an Application for Entry of Default, mail or deliver a copy to defaulted party.  After ten (10) judicial days from filing, you may file your Request and Affidavit for Entry of Default Judgment.

☐ The Application for Entry of Default is premature.  You must file and serve Application for Entry of Default twenty (20) days (thirty (30) days out of state) after service of Summons, Complaint, and Notice to Defendant.

☐ The Application for Entry of Default includes the name of a party who has not been served.  See service requirements above.

☐ Provide proof of debt as claimed in your complaint.

### OTHER:

☐ You have filed a pleading with an incorrect case number. Please correct and refile.

☐ The required court filing fee of $ _____ has not been paid. The court cannot file your pleading without the required fee.

☐ You have filed a notice of appeal on a default judgment.  You must first file a Motion to Set Aside/Vacate Judgment before proceeding with appeal.

☐ You have filed a Notice of Dismissal. The defendant has filed an Answer. A Notice of Stipulated (signed by both parties) Dismissal or Motion to Dismiss may be filed.

☐ NOTICE TO GARNISHEE: A dated, signed and notarized  Answer must be filed with the court. Failure to file a proper Answer may result in a default judgment against garnishee.

☒ Other:
Court no longer accepts Motions with multiple pleadings. Please separate into individual Motions and re-file with the court.
Thank you.

Documents returned ☒ yes ☐ no   Clerk: smw          Date: 11/25/2015

CV 8150 -106 R: 4/30/13

**Lawgistic Partners AZ, LLC**
14626 N 78th Way, Unit A, Unit A
Scottsdale, AZ 85260
(480) 966-2228

### In the McDowell Mountain Justice Court of the State of Arizona, In and For the County of Maricopa

JOHN A. HARMON,
        Plaintiff(s),

vs.

BMO HARRIS BANK, N.A., AND EQUIFAX INC.,
        Defendant(s),

Case No. CC2015188376
**CERTIFICATE OF SERVICE**

2015 NOV 12 PM 2:01
McDOWELL MOUNTAIN
JUSTICE COURT
FILED

STATE OF WISCONSIN       )
COUNTY OF WASHINGTON   ) ss.

I, Miranda Frigerio, the undersigned, certify under penalty of perjury, that I am fully qualified, pursuant to Rule 4(d), Arizona Rules of Civil Procedure, to serve process in this cause.

On 10/08/2015, I received from McCarthy Law PLC, the SUMMONS, NOTICE TO DEFENDANT, COMPLAINT FOR VIOLATION OF FAIR CREDIT REPORTING ACT/EXHIBIT A-C AND INITIAL DISCOVERY SET TO BMO HARRIS BANK, N.A..

On 11/05/2015 at 3:54 PM, I served the aforementioned documents on BMO HARRIS BANK, N.A. at 180 N. Executive Dr. , Brookfield, WI 53005 in the manner set forth below:

Comments: By serving BMO Harris Bank, by leaving true copies of the documents with Laurie Thur, agent for legal process, who is authorized to accept service and did accept service, at the address indicated above.

Description: Sex: **Female** Skin: **Light** Hair: **Brown** Age: **40** Height: **5ft 9in** Weight: **275**

Military Status: 'N/A'

Under penalty of perjury I declare that I have read the foregoing Certificate of Service and that the facts stated in it are true.

| | |
|---|---|
| Filing Fee | $96.00 |
| Service of Process - Standard | $55.00 |
| Service of Process - Standard | $80.00 |
| **TOTAL:** | **$231.00** |

X 
**Miranda Frigerio**, Affiant
Job Number: 368302
Client File: BMO HARRIS
Printed on 11/06/2015



*368302*

1  Jacob C. Jones (#029971)
2  SNELL & WILMER L.L.P.
   One Arizona Center
   400 E. Van Buren, Suite 1900
3  Phoenix, Arizona 85004-2202
   Telephone: 602.382.6562
4  Facsimile: 602.382.6070
   E-Mail: jcjones@swlaw.com
5  Attorneys for Defendant Equifax Inc.

RECEIVED
JUSTICE COURT'S FILE

'15 NOV 30 PM 5: 11

OUTSIDE DEPOSITORY FILE

6

7              McDOWELL MOUNTAIN JUSTICE COURT

8              MARICOPA COUNTY, STATE OF ARIZONA

9  JOHN A. HARMON,                        No. CC2015-188376

10                Plaintiff,              **DEFENDANT EQUIFAX INC.'S**
                                          **MOTION TO APPEAR**
11  v.                                    **TELEPHONICALLY AT**
                                          **MEDIATION CONFERENCE**
12  BMO HARRIS BANK, N.A. and
    EQUIFAX INC.,                         (Assigned to the Honorable
13                                         Michael Reagan)
                  Defendants.
14

15          Defendant Equifax Inc. ("Equifax"), respectfully requests leave for its counsel to

16  appear telephonically at the Mediation Conference set for 1:30 PM on December 29,

17  2015.

18  **FACTS**.

19          1.      The Court set a Mediation Conference in this case for December 29, 2015,

20  at 1:30 PM, between the widely-observed holidays of Christmas and New Years' Day.

21          2.      Equifax's undersigned counsel would like to host a conference call with all

22  parties desiring to appear telephonically, to call in on one line to the Court.

23  **LAW**.

24          Rule 156(c), Justice Court Rules of Civil Procedure, provides that "a party may

25  participate by telephone with prior approval of the court."

26  **REQUEST**.

27          In view of the foregoing, and as a matter of efficiency and cost-savings given the

28  amount at issue in this case, Equifax respectfully requests leave for its counsel to appear

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

22990287.1

telephonically at the Mediation Conference.  In view of the Court's ability to receive only one incoming line for telephonic appearances, Equifax's undersigned counsel is willing to make a conference line available if any other party seeks and is granted permission to appear telephonically, and would call into the Court from that single conference line.

A proposed form of order is attached.

DATED this 30th day of November, 2015.

SNELL & WILMER L.L.P.

By
Jacob C. Jones
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Attorneys for Plaintiff Equifax Inc.

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

- 2 -

22990287.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of November, 2015, I caused to be filed the foregoing document with the McDowell Mountain Justice Court and a copy of the foregoing has been served via U.S. Mail postage prepaid upon the following counsel of record:

Kevin Fallon McCarthy
Ashley Tuchman
McCarthy Law PLC
4250 North Drinkwater Blvd., Suite 320
Scottsdale, AZ 85251

- 3 -

22990287.1

1
2
3
4
5
6
7

McDOWELL MOUNTAIN JUSTICE COURT

MARICOPA COUNTY, STATE OF ARIZONA

| | |
|---|---|
| JOHN A. HARMON, | No. CC2015-188376 |
| Plaintiff, | **[PROPOSED] ORDER** |
| v. | |
| BMO HARRIS BANK, N.A. and EQUIFAX INC., | |
| Defendants. | |

After full consideration of Defendant Equifax Inc.'s Motion for Telephonic

Appearance, and good cause appearing, the Court rules as follows:

    1.    Defendant's Motion is **GRANTED.**

    2.    **IT IS HEREBY ORDERED** that Defendant Equifax's counsel may appear

telephonically at the Mediation Conference currently set for December 29, 2015 at 1:30

PM.

    SIGNED this _____ day of _____, 2015

_____
The Honorable Michael Reagan

22990287.1

**McCarthy** LAW PLC

Kevin Fallon McCarthy, 011017
Joon Kee, 028152
4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ 85251
602-456-8900
joon.kee@mccarthylawyer.com
Attorneys for Plaintiff

McDOWELL MOUNTAIN
JUSTICE COURT
FILED

'2015 NOV 30  AM 10: 15

# McDOWELL MOUNTAIN JUSTICE COURT
## MARICOPA COUNTY, STATE OF ARIZONA
### 18380 NORTH 40TH STREET, PHOENIX, ARIZONA 85032

| | |
|---|---|
| JOHN A. HARMON, | CC2015-188376 |
| Plaintiff, | **MOTION TO WAIVE APPEARANCE OF REAL PARTY IN INTEREST AT MEDIATION** |
| v. | |
| BMO HARRIS BANK, N.A., AND EQUIFAX INC., | Mediation Date: December 29, 2015 |
| Defendants. | Mediation Time: 1:30 p.m. |

*You have a right to file a written response to this motion with in ten (10) days from the date this motion was served. Your response must be filed with the court, and copies of your response must be served on the other parties as provided by Rule 120 of the Justice Court Rules of Civil Procedure. The court may treat your failure to respond to a motion as your consent that the motion be granted.*

COMES NOW, the Plaintiff, John A. Harmon, by and through undersigned counsel, and respectfully requests the Court to waive the appearance of the real party in interest at mediation scheduled for the 29th day of December 2015 at 1:30 p.m. The Plaintiff's being present at the mediation is not necessary for the parties to reach a resolution of the case. The purpose of mediation is to resolve the case prior to going to trial. That objective can be accomplished with Plaintiff's counsel appearing on its behalf at the mediation. Counsel has full settlement authority for Plaintiff and is able to resolve the outstanding issues at the mediation without involvement from Plaintiff.

///

///

1         For the foregoing reasons, undersigned counsel is respectfully requesting this Court to grant

2    Motion to Waive Appearance of Real Party in Interest for Plaintiff.

3

4         Respectfully submitted this 25th day of November 2015.

5                              MCCARTHY LAW, PLC

6                         By

7                         Joon Kee, Esq.

8                         Kevin Fallon McCarthy, Esq.
                          Attorneys for Plaintiff

9

10

11   Transmitted this 25th day of November 2015:

12   McDowell Mountain Justice Court           Filed     ☒
    18380 N. 40th Street
    Phoenix, Arizona 85032

13

14   Jacob C. Jones, Esq.                   Delivered   ☐
    Snell & Wilmer L.L.P                 Faxed     ☐

15      400 E. Van Buren, Suite 1900         E-Mailed  ☐
    Phoenia, Arizona 85004-2202        Mailed    ☒

16   Attorney for Defendant: Equifax, Inc.

17   By: /s/ Melissa N. Randburgh

18

19

20

21

22

23

24

25

26

27

28

Harmon vs. BMO et al.             2              Waive Real Party Interest

McDOWELL MOUNTAIN
JUSTICE COURT
FILED

**2015 NOV 30  AM 10: 15**

1

**McCarthy** L A W **P L C**

CANDID CONVERSATION. WISE COUNSEL.

2   Kevin Fallon McCarthy, 011017
Joon Kee, 028152

3   4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ 85251

4   602-456-8900
joon.kee@mccarthylawyer.com

5   Attorneys for Plaintiff

6           **McDowell Mountain Justice Court**

        **Maricopa County, State of Arizona**

7         18380 North 40th Street, Phoenix, Arizona 85032

8   JOHN A. HARMON,                  CC2015-188376

9       Plaintiff,

                      **ORDER GRANTING PLAINTIFF'S**

10  v.                        **MOTION TO WAIVE APPEARANCE**

                        **OF REAL PARTY IN INTEREST AT**

11  BMO HARRIS BANK, N.A., AND       **MEDIATION**

EQUIFAX INC.,

12

13      Defendants.

14

15       This matter having come before the Court pursuant to Plaintiff's Motion to Waive

16  Appearance of Real Party in Interest at Mediation, and the Court after reviewing said Motion and

17  finding good cause exists, hereby orders as follows:

18

19       IT IS HEREBY ORDERED that the Plaintiff's Motion to Waive Appearance of Real Party

20  in Interest at Mediation on 29th day of December 2015 at 1:30 p.m. is hereby GRANTED.

21

22      DONE THIS _____ DAY OF _____ 2015.

23

24                           _____

25                           By the Court

26

27

28

Harmon vs. BMO et al           1                    Order

# EXHIBIT B

Quarles & Brady LLP
Firm State Bar No. 00443100
Renaissance One
Two North Central Avenue
Phoenix, AZ 85004-2391
TELEPHONE 602.229.5200

*Attorneys for Defendant BMO Harris Bank, N.A.*

John S. Craiger (021731)
john.craiger@quarles.com
Sarah R. Anchors (025344)
sarah.anchors@quarles.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John A. Harmon,<br><br>                     Plaintiff,<br><br>        vs.<br><br>BMO Harris Bank, N.A.; and Equifax, Inc.,<br><br>                     Defendants. | Case No. _____<br><br>(Formerly McDowell Mountain Justice Court Case No. CC2015188376)<br><br>**VERIFICATION** |

**SARAH R. ANCHORS** hereby declares as follows:

1.      My name is Sarah R. Anchors.  I am an attorney in the law firm of Quarles & Brady LLP.   I am counsel of record for Defendant BMO Harris Bank, N.A. ("Defendant") in the above-captioned matter.  This Verification is offered in support of Defendant's Notice of Removal and is based upon my personal knowledge.

2.      In accordance with 28 U.S.C. § 1446(a) and L.R. Civ. 3.6(b), Defendant has filed true and complete copies of all pleadings and other documents that were previously filed with the McDowell Mountain Justice Court, contemporaneously with the filing of Defendant's Notice of Removal.

I declare under the penalty of perjury that the foregoing is true and correct.

QB\37650178.1

RESPECTFULLY SUBMITTED this 7th day of December, 2015.

QUARLES & BRADY LLP
Renaissance One
Two North Central Avenue
Phoenix, AZ 85004-2391

By /s/ Sarah R. Anchors
    John S. Craiger
    Sarah R. Anchors

*Attorneys for Defendant BMO Harris Bank, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2015, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and mailed a copy of the Notice of Electronic Filing to the following individuals by U.S. Mail:

McCarthy Law PLC
Kevin Fallon McCarthy, Esq.
Joon Kee, Esq.
4250 N. Drinkwater Blvd., Suite 320
Scottsdale, AZ 85251
*Attorneys for Plaintiff*

Snell & Wilmer L.L.P.
Jacob C. Jones, Esq.
One Arizona Center
400 East Van Buren St., Ste. 1900
Phoenix, Arizona 85004-2202
*Attorneys for Defendant Equifax Inc.*

/s/ Jade Lauryne

# EXHIBIT C

Quarles & Brady LLP
Firm State Bar No. 00443100
Renaissance One
Two North Central Avenue
Phoenix, AZ  85004-2391
TELEPHONE 602.229.5200

*Attorneys for Defendant BMO Harris Bank, N.A.*

John S. Craiger (020051)
john.craiger@quarles.com
Sarah R. Anchors (25344)
sarah.anchors@quarles.com

MCDOWELL MOUNTAIN JUSTICE COURT
MARICOPA COUNTY, STATE OF ARIZONA
18380 N. 40TH STREET, PHOENIX, AZ 85032

| | |
|---|---|
| JOHN A. HARMON,<br><br>               Plaintiff,<br><br>    vs.<br><br>BMO HARRIS BANK, N.A.; and<br>EQUIFAX, INC.,<br><br>               Defendants. | NO. CC2015188376<br><br>**NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that on December 7, 2015, Defendant BMO Harris Bank, N.A. (hereinafter "Defendant") filed for removal of this case to the United States District Court for the District of Arizona, which completes the removal of action number CC2015188376, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.  A copy of the Notice of Removal (without exhibits) is attached hereto as **Exhibit A**.

Therefore, Defendant, having taken all steps to effect removal of this case, this Court may proceed no further unless and until the case is remanded by Order of the United States District Court. *See* 28 U.S.C. § 1446 (d).

Defendant further certifies that Plaintiff has been notified of this removal and served with a copy of the Notice of Removal.

37650520.1

DATED this 7th day of December, 2015.

QUARLES & BRADY LLP
Renaissance One
Two North Central Avenue
Phoenix, AZ  85004-2391

By _____

John S. Craiger
Sarah R. Anchors

*Attorneys for Defendant BMO Harris Bank, N.A.*

I CERTIFY that a copy of this Notice
of Removal was filed by <u>overnight U.S. Mail</u>
with the Clerk of the McDowell Mountain
Justice Court and mailed this  7th day of
December, 2015, to:

McCarthy Law PLC
Kevin Fallon McCarthy, Esq.
Joon Kee, Esq.
4250 N. Drinkwater Blvd., Suite 320
Scottsdale, AZ 85251
*Attorneys for Plaintiff*

Snell & Wilmer L.L.P.
Jacob C. Jones, Esq.
One Arizona Center
400 East Van Buren St., Ste. 1900
Phoenix, Arizona 85004-2202
*Attorneys for Defendant Equifax Inc.*

# EXHIBIT A

1

Quarles & Brady LLP
Firm State Bar No. 00443100
Renaissance One
Two North Central Avenue
Phoenix, AZ 85004-2391
TELEPHONE 602.229.5200

2

3

4   *Attorneys for Defendant BMO Harris Bank, N.A.*

5

John S. Craiger (020051)
john.craiger@quarles.com
Sarah R. Anchors (25344)
sarah.anchors@quarles.com

6

7

8

9   **MCDOWELL MOUNTAIN JUSTICE COURT
MARICOPA COUNTY, STATE OF ARIZONA
18380 N. 40TH STREET, PHOENIX, AZ 85032**

10

11

12

| JOHN A. HARMON, | NO. CC2015188376 |
|---|---|
| Plaintiff, | |
| vs. | **NOTICE OF REMOVAL** |
| BMO HARRIS BANK, N.A.; and EQUIFAX, INC., | |
| Defendants. | |

13

14

15

16

17

18

19   PLEASE TAKE NOTICE that on December 7, 2015, Defendant BMO Harris

20   Bank, N.A. (hereinafter "Defendant") filed for removal of this case to the United States

21   District Court for the District of Arizona, which completes the removal of action number

22   CC2015188376, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. A copy of the Notice of

23   Removal (without exhibits) is attached hereto as **Exhibit A.**

24   Therefore, Defendant, having taken all steps to effect removal of this case, this

25   Court may proceed no further unless and until the case is remanded by Order of the

26   United States District Court. *See* 28 U.S.C. § 1446 (d).

27   Defendant further certifies that Plaintiff has been notified of this removal and

28   served with a copy of the Notice of Removal.

37650520.1

DATED this 7th day of December, 2015.

QUARLES & BRADY LLP
Renaissance One
Two North Central Avenue
Phoenix, AZ  85004-2391

By _____
      John S. Craiger
      Sarah R. Anchors

*Attorneys for Defendant BMO Harris Bank, N.A.*

I CERTIFY that a copy of this Notice of
Removal was filed with the Clerk of the
McDowell Mountain Justice Court and
mailed this  7th day of December, 2015, to:

McCarthy Law PLC
Kevin Fallon McCarthy, Esq.
Joon Kee, Esq.
4250 N. Drinkwater Blvd., Suite 320
Scottsdale, AZ 85251
*Attorneys for Plaintiff*

Snell & Wilmer L.L.P.
Jacob C. Jones, Esq.
One Arizona Center
400 East Van Buren St., Ste. 1900
Phoenix, Arizona 85004-2202
*Attorneys for Defendant Equifax Inc.*